UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAWN WILLIAMS,

                              Plaintiff,

                                                          DECISION AND ORDER

                                                          04-CV-6440L

            v.

OFFICER D. FITCH and
SERGEANT LAURENCE BUEHLER,


                              Defendants.
_____


## Introduction

Plaintiff Shawn Williams ("Williams"), an inmate at the Attica Correctional Facility ("Attica") proceeding *pro se*, brings this action against defendants, Attica Sergeant Laurence Buehler ("Buehler") and Corrections Officer D. Fitch ("Fitch").  Williams alleges that Buehler and Fitch sexually abused him, in violation of 42 U.S.C. §1983.

On December 13, 2001, Williams was transferred from incarceration at Southport Correctional Facility to Attica.  Upon arrival, Williams was placed in a metal detector chair, which sounded an alarm.  Williams was scanned with a handheld metal detector, which also sounded an alarm.

Williams was brought to an observation room, where he remained for two or three days.  X-rays were taken of Williams, which showed the presence of a metal object in Williams' abdominal area: specifically, the foreskin of his penis.  On December 14, 2001, Buehler and Fitch visited Williams.  Fitch performed a body cavity search, which included pulling down Williams' pants and handling the tip of Williams' penis.  Williams alleges that Fitch returned to the observation room later and lifted Williams' penis up and down.  Williams further relates that prior to his release from the observation room, Fitch "flipped" his penis a third time.

From December 28, 2001 to January 4, 2002, Williams attended a disciplinary hearing related to his attempt to smuggle contraband into Attica, including but not limited to rubber bands and electrical tape which he had secreted in his anus.  Williams also testified that he had disassembled a disposable lighter, apparently hiding its component parts in the foreskin of his penis, but had covertly thrown it away during his stay in the observation room.  The hearing officer found Williams guilty and sentenced him to eighteen months in a special housing unit.

On June 17, 2002, Williams filed a grievance against Buehler and Fitch, which was denied as untimely. On September 13, 2004, Williams initiated the instant action.  Defendants now move for summary judgment pursuant to Fed. R. Civ. Proc. 56 to dismiss Williams' claims in their entirety.  For the reasons set forth below, the defendants' motion to dismiss (Dkt. #34) is granted, and the complaint is dismissed.

**Discussion**

## I.    Summary Judgment

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

Where, as here, the party opposing summary judgment is proceeding *pro se*, the Court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir.1999).  Nevertheless, "proceeding *pro se* does not otherwise relieve [the opposing party] from the usual requirements of summary judgment." *Fitzpatrick v. N.Y. Cornell Hosp.*, 2002 U.S. Dist. LEXIS 25166 at *5 (S.D.N.Y. 2003). Those requirements include the obligation not to rest upon mere conclusory allegations or denials, but instead to set forth "concrete particulars" showing that a trial is needed.  *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984).

## II.    Williams' Claims of Sexual Abuse

In order to maintain a claim under Section 1983, Williams must show that the defendants violated his Constitutional or federal statutory rights – here, Williams' Eighth Amendment right

against cruel and unusual punishment – and did so while acting under color of state law.  *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

"[T]here can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997).  *See also Larocco v. New York City Dep't of Corr.*, 2001 U.S. Dist. LEXIS 13839 (S.D.N.Y. 2001).  An Eighth Amendment claim under §1983 will not lie, however, where an inmate alleges only minor, isolated incidents which are neither singly nor "cumulatively egregious in the harm they inflicted." *See Boddie*, 105 F.3d 857 at 861 (plaintiff's claim of sexual abuse was properly dismissed despite the fact that he had alleged several "despicable" incidents in which he had been "verbally harassed, touched, and pressed against without his consent" by a female correctional officer, because such isolated episodes "do not involve a harm of federal constitutional proportions as defined by the Supreme Court"), *citing Farmer v. Brennan*, 511 U.S. 825, 833-834 (1994).  *See also Davis v. Castleberry*, 364 F. Supp.2d 319, 321 (W.D.N.Y. 2005) (allegation that corrections officer grabbed inmate's penis during pat frisk is insufficient to state constitutional claim); *Morrison v. Cortright*, 397 F. Supp. 2d 424, 425 (W.D.N.Y. 2005) (allegations that a corrections officer touched plaintiff's buttocks, and that another "rubbed up against plaintiff['s] buttocks with [the officer's] private part" during a strip search describe an isolated incident unaccompanied by physical injury, and therefore are not sufficiently serious to establish a constitutional claim); *Montero v. Crusie*, 153 F. Supp.2d 368, 373, 375 (S.D.N.Y. 2001) (allegation  that corrections officer squeezed inmate's genitalia during pat-frisks on several occasions does not show sufficiently serious deprivation to establish Eighth Amendment

violation, particularly when inmate did not allege that he was physically injured by such conduct); *Nelson v. Michalko*, 35 F. Supp. 2d 289, 293 (W.D.N.Y. 1999) (allegation that inmate's anal area was touched by a metal detector during a search does not describe sufficiently serious conduct to raise an Eighth Amendment claim); *Williams v. Keane*, 1997 U.S. Dist. LEXIS 12665 at *11 (S.D.N.Y. 1997) (allegation that correctional officer put his hand down inmate's pants and fondled inmate's genitals during pat frisk fails to state constitutional claim).

The conduct alleged by Williams is similar to the conduct alleged in *Boddie*. Williams claims, *inter alia*, that he was subjected to excessive and intrusive body searches – specifically, searching and handling of his penis – on three occasions by Fitch, while Fitch was under Buehler's supervision. It is undisputed that no verbal sexual harassment was employed, and Williams does not allege that he suffered any physical injuries. Furthermore, the fact that the conduct was slightly more physically invasive and repetitive than that confronted in *Boddie* and some of its progeny was warranted by Williams' particular *modus operandi* of smuggling contraband in the folds of his foreskin, of which Fitch and Buehler were aware because of the X-rays. While alleging that more than one search was unnecessary, Williams does not dispute that the searches of his genitalia were made for the purpose of locating contraband. *See e.g., Davis*, 364 F.Supp.2d 319 at 321 (a legitimate frisk may involve touching inmate's genital area). However, regardless of the officers' motivation, the three incidents alleged by Williams, which were undertaken in a reasonable manner, in a private location, without undue physical intrusion, humiliation or physical injury, and for the purpose of locating the contraband shown on Williams' X-rays, simply are not "objectively, sufficiently serious" enough to raise a constitutional claim. *Boddie*, 105 F.3d 857 at 861.

## Conclusion

For the foregoing reasons, I find that there are no material issues of fact, that the conduct Williams alleges that defendants engaged in was not sufficiently serious to raise a constitutional claim, and that defendants are entitled to judgment as a matter of law.   Accordingly, defendants' motion for summary judgment dismissing the complaint (Dkt. #34) is granted, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
      May 5, 2008.